# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD A. MANCUS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-341-DRH ) |
| WARDEN SHERROD, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This cause is before the Court on Petitioner's motion to proceed *in forma pauperis*. Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 2003 conviction in the United States District Court for the Western District of Texas.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

In 2003, Petitioner pleaded guilty to drug trafficking charges involving 100 pounds of marijuana. The presentence report then attributed additional relevant conduct, conduct that was not

part of the indictment nor encompassed within the guilty plea. The sentencing judge adopted the findings in the presentence report over Petitioner's objections; he was sentenced to 120 months imprisonment, based upon relevant conduct of 300 pounds of marijuana. *See United States v. Mancus*, Case No. M-03-CR-001 (W.D.Tex., filed Jan. 10, 2003). Petitioner did not file a direct appeal, although he later challenged his sentence in a motion filed pursuant to 28 U.S.C. § 2255; the sentencing court denied that motion. *Mancus v. United States*, Case No. M-05-CV-121 (W.D.Tex., filed Aug. 8, 2005).[1] Undaunted, Petitioner then filed a second motion pursuant to § 2255, but that motion was dismissed as an unauthorized second or successive petition. *Mancus v. United States*, Case No. MO-07-CV-044 (W.D.Tex., filed June 4, 2007).[2] Not willing to concede defeat, Petitioner has now brought his claims to this Court.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom the Section 2255 motion is inadequate

---

[1] His appeal from that denial was dismissed by the Fifth Circuit for failure to pay the appropriate filing and docketing fee. *See Mancus v. United States*, Appeal No. 06-50782 (5th Cir., filed Jan. 18, 2006).

[2] It appears the appeal from that denial is still pending. *See Mancus v. United States*, Appeal No. 07-51237 (5th Cir., filed Oct. 9, 2007).

or ineffective to test the legality of his detention. However, the fact that Petitioner may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit later clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. To the contrary, Petitioner claims that he should have been sentenced solely for the 100 pounds that he admitted to in his guilty plea, not for the 300 pounds that was determined to be his relevant conduct as part of the conspiracy charged in the indictment. He argues, clearly, that his sentence should be reduced, based on the rules recognized in *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005). However, to date, the federal courts of appeal have consistently found that these rulings do not apply retroactively to convictions that were final prior to the dates of those decisions. *See, e.g., Guzman v. United States*, 404 F.3d 139, 143-44 (2nd Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 614 (3rd Cir. 2005); *United States v. Morris*,

429 F.3d 65, 66-67 (4th Cir. 2005); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005) (per curiam); *Valentine v. United States*, 488 F.3d 325, 330 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Never Misses A Shot v. United States*, 413 F.3d 781 (8th Cir. 2005) (per curiam); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).

Therefore, Section 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:** June 9, 2008.

/s/     DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**